J-S41021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFONZO GLENN | : | |
| | : | |
| Appellant | : | No. 577 MDA 2022 |

Appeal from the PCRA Order Entered March 16, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at CP-40-CR-0001453-2017

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: FEBRUARY 3, 2023**

Alfonzo Glenn (Appellant) appeals from the order disposing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   Appellant's appointed counsel, Matthew P. Kelly, Esquire (Counsel or Attorney Kelly), has petitioned to withdraw from representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).   We grant Counsel's petition to withdraw and affirm the PCRA court's order.

In March 2017, the Commonwealth charged Appellant with various crimes related to Appellant's sexual and physical assault of his romantic

_____

[*] Former Justice specially assigned to the Superior Court.

partner (the victim).[1]  On January 23, 2019, Appellant entered an open guilty plea to aggravated assault, 18 Pa.C.S.A. § 2702(a)(1).  That same day, the trial court sentenced Appellant to 72-156 months in prison, followed by two years of probation.[2]  The court also ordered Appellant "to have no contact of any kind with the victim … **or the victim's family**."  N.T., 3/14/19, at 5 (emphasis added).  Appellant's plea counsel, Jeffrey Yelen, Esquire (Attorney Yelen or trial counsel), did not object to this provision.

This Court explained the victim testified at sentencing that,

> when assaulted and strangled [by Appellant], [**Appellant**] **placed a bag over her head and attempted to suffocate her**.  She related that prior to passing out, "I said, God, forgive me for my sins.  I really thought I was going to die." She stated this occurred in the presence of her four-year old son[,] and she described the disturbing after-effects of the crime on them.  She also noted that two years later, they both remain in counseling as a result of the crime.

***Commonwealth v. Glenn***, 224 A.3d 750 (Pa. Super. 2019) (unpublished memorandum at 7) (emphasis added) (quoting Trial Court Opinion, 5/21/19, at 7 (citations and emphasis omitted)); *see also* N.T. (sentencing), 3/14/19,

---

[1] Appellant and the victim are the parents of three minor children.  ***See*** N.T. (PCRA Hearing), 11/6/20, at 5.

[2] The sentence was at the high end of the guidelines' standard range.

at 4.[3]  Trial counsel did not object to the victim's testimony that she was suffocated.

Appellant filed an unsuccessful motion for reconsideration of sentence, as well as a direct appeal challenging the trial court's imposition of an allegedly excessive and improper sentence.  We affirmed the judgment of sentence on November 7, 2019.  *See id.*[4]  Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.

The PCRA court detailed the procedural history that followed:

> On May 15, 2020, [Appellant] filed a document entitled "Supplement Reasons in Support of [Appellant's] Initial Post-Conviction Collateral Claims."  Therein, [Appellant] represents he filed a "PCRA motion" on "4/1/2020"; however, apparently the document was [neither] filed nor served upon [the PCRA court,] as it is not reflected in the docket entries in this case.

> Upon receipt of the May 15, 2020, document – which [the PCRA court] treated as a [timely] PCRA application – [the PCRA c]ourt entered an order dated June 4, 2020, appointing [Attorney Yelen as] PCRA counsel [for the indigent Appellant].  [*See*, *e.g.*, *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) (stating, "any petition filed after the judgment of sentence

_____

[3] Pertinently, the victim's suffocation testimony differed slightly from the factual basis for Appellant's plea detailed at the guilty plea hearing.  *See* N.T. (guilty plea hearing), 1/23/19, at 5 (prosecutor summarizing facts, including "[**Appellant**] **wrapped his hands around** [**the victim's**] **neck**" and "she did indeed pass out and lose consciousness." (emphasis added)); *cf.* N.T., 3/14/19, at 4 (victim testifying that Appellant used a plastic bag).

[4] The trial court appointed Attorney Kelly to represent Appellant on direct appeal.  Attorney Kelly subsequently filed with this Court a brief and petition to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967).  We granted the petition after concluding that Attorney Kelly complied with *Anders* and Appellant failed to raise any non-frivolous issues.  *Glenn*, 224 A.3d 750 (unpublished memorandum at 3-5, 8).

becomes final will be treated as a PCRA petition." (citation omitted)); Pa.R.Crim.P. 904(C) (mandating appointment of counsel for indigent, first-time PCRA petitioners).] On June 22, 2020, [Appellant filed a *pro se*] memorandum of law in support of the PCRA [petition]….[1] On August 18, 2020, a supplemental PCRA application was filed by [Attorney Yelen, along] with a request for [an evidentiary] hearing.

> [1] "Our cases have consistently stated that no defendant has a constitutional right to hybrid representation, either at trial or on appeal." ***Commonwealth v. Staton***, 184 A.3d 949, 957-58 (Pa. 2018) (internal quotes/citations omitted).

    The PCRA hearing was convened on November 6, 2020 [(PCRA hearing); Appellant was the only witness]. [T]hereafter, on March 16, 2022, an order [was] issued granting, in part, the PCRA application. More specifically, [the PCRA court] directed that [Appellant's] sentencing order … was not to be interpreted to preclude his contact with his minor children – under and subject to any order of the Family Division of the Court of Common Pleas as it may relate to then[-]pending Children and Youth cases and/or custody and/or protection from abuse proceedings. All additional relief sought in the PCRA application was denied and dismissed.

PCRA Court Opinion, 6/7/22, at 1-2 (footnote in original).

This timely appeal followed, and Counsel has complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) concise statement. Counsel filed a ***Turner/Finley*** no-merit brief in this Court on August 24, 2022, identifying the issues Appellant wished to raise and explaining why they are frivolous.[5] On September 14, 2022, Appellant filed from prison a *pro se* "Motion for

---

[5] The PCRA court granted Attorney Yelen permission to withdraw as Appellant's counsel on April 19, 2022, and once again appointed Attorney Kelley, who represented Appellant in the PCRA proceedings.

Extension" with this Court. Appellant requested an extension of time to file a response to Counsel's ***Turner/Finley*** brief, claiming Counsel was ineffective and "neglected to notify [Appellant] of his appointment to represent [Appellant] prior to filing a no merit ***Turner***[/]***Finley*** Brief…." Motion, 9/14/22, at 2 (unnumbered); ***see also id.*** (stating "Appellant respectfully asks to proceed *pro se*….").

On September 16, 2022, this Court directed Counsel to (1) remedy his failure to file a petition to withdraw as counsel; and (2) attach to his incomplete ***Turner/Finley*** brief a letter informing Appellant of his right to proceed *pro se* or with the assistance of retained counsel if Counsel is permitted to withdraw. Counsel complied with our directive four days later.

On September 27, 2022, this Court granted Appellant's Motion for Extension, in part, allowing him until November 7, 2022, to "file a *pro se* brief, which will be considered by this Court along with [C]ounsel's brief…." Order, 9/27/22. We denied Appellant's request to proceed *pro se*. ***Id.*** Appellant filed a *pro se*, handwritten brief in this Court on November 29, 2022, which was 22 days late.

Before addressing Appellant's claims, we address the timeliness of his *pro se* brief. Appellant dated his brief November 3, 2022, and attached prison cash slips bearing the same date. Pursuant to the prisoner mailbox rule, a prisoner's *pro se* filing "is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1132

n.8 (Pa. Super. 2021) (citation omitted)); Pa.R.A.P. 121(f) (same); **see also**

***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (explaining types

of evidence a prisoner can present under prisoner mailbox rule, including cash

slips, postal forms, or "any reasonably verifiable evidence of the date that the

prisoner deposits the [filing] with the prison authorities."). Accordingly,

Appellant timely filed his *pro se* brief.

Counsel's **Turner**/**Finley** brief identifies two issues Appellant wishes to

raise on appeal:

> 1. Whether trial counsel was ineffective in failing to object to testimony by the victim with regard to the Appellant placing a bag over her head when it was not part of the guilty plea colloquy[?]
>
> 2. Whether the guilty plea colloquy was deficient by failing to properly set forth the elements of the offense[?]

**Turner**/**Finley** Brief at 1.[6]

In his *pro se* brief, Appellant presents four issues:

> I. Whether the PCRA court erred in denying/dismissing the Appellant['s] claim of trial counsel's ineffectiveness for failing to object to testimony by the victim alleging the Appellant attempted to suffocate her to death with a plastic bag in front of her son, when it was not part of the guilty plea colloquy[?]
>
> II. Whether the PCRA court erred in dismissing the Appellant['s] claim that trial counsel's ineffectiveness unlawfully induced an unknowing/involuntary guilty plea[?]

---

[6] The Commonwealth has advised this Court it would not file a brief, "agrees with Appellant's [C]ounsel that the issues presented are frivolous," and relies upon the reasoning advanced in the PCRA court's Pa.R.A.P. 1925(a) opinion. Correspondence, 9/23/22.

III. Whether governmental obstruction adversely affected the Appellant['s] constitutional right to a full and fair opportunity to litigate his constitutional claims on PCRA review[?]

IV. Whether trial, appellate and PCRA counsel's stewardship [was] ineffective as to constitute a violation of the Appellant['s] constitutional right to effective assistance of counsel[?]

Appellant's *pro se* Brief at 1-2 (some capitalization modified).

Appellant's *pro se* issues I and II largely overlap with the two issues in Counsel's **Turner**/**Finley** brief; Counsel preserved these two issues in Appellant's court-ordered Pa.R.A.P. 1925(b) statement filed on May 13, 2022.[7] Appellant's *pro se* issues III and IV are not contained in the Rule 1925(b) statement. We have emphasized that Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020); **see also** Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal). "[A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." **Bonnett**, 239 A.3d at 106 (citing **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.")); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived."). Therefore, Appellant waived his *pro se* issues

---

[7] The two issues are phrased identically in Counsel's brief and the Rule 1925(b) statement. **Turner**/**Finley** Brief at 1; Rule 1925(b) Statement, 5/13/22.

numbered III and IV.[8]  *See id.*; *see also Staton*, 184 A.3d at 957 ("no defendant has a constitutional right to hybrid representation").

We next address whether Counsel has satisfied the requirements of *Turner*/*Finley* in petitioning to withdraw.  *Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019) ("When presented with a brief pursuant to *Turner*/*Finley*, we first determine whether the brief meets the procedural requirements of *Turner*/*Finley*.").  This Court has explained:

> A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) [(overruled on other grounds by *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) ("we now … abandon *Pitts*'s … approach as the sole procedure for *challenging PCRA counsel's effectiveness*") (italics added))].  Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel.  [*Commonwealth v.*] *Wrecks*, 931 A.2d [717,] 721 [(Pa. Super. 2007)].  If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.  *Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa. Super. 2016).

*Knecht*, 219 A.3d at 691 (citations modified).  Further, this Court has stated that substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria.  *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003).

---

[8] As we discuss below, Appellant preserved one claim in connection with his *pro se* issue IV.

Our review discloses that Counsel has substantially complied with the above requirements. In the ***Turner***/***Finley*** brief, Counsel (1) set forth the issues Appellant wants this Court to review, (2) stated he has conducted a conscientious examination of the record, (3) determined there are no non-frivolous arguments to support Appellant's claims, and (4) explained why Appellant's claims lack merit. ***See Turner***/***Finley*** Brief at 1, 6-10. Counsel, however, failed to initially inform Appellant of Counsel's intention to request permission to withdraw and Appellant's rights in lieu of representation, in violation of ***Commonwealth v. Friend***, 896 A.2d 607, 614 (Pa. Super. 2006) (requiring counsel seeking to withdraw in collateral proceedings to advise a PCRA petitioner of his desire to withdraw and petitioner's right to proceed *pro se* or with the assistance of privately retained counsel if counsel's petition to withdraw is granted); ***see also Wrecks***, ***supra*** (same). As explained above, Counsel complied with this Court's September 16, 2022, order directing him to notify Appellant of his rights under ***Friend***. As Counsel has sufficiently complied with the ***Turner***/***Finley*** requirements, we proceed to independently review Appellant's claims.

Our standard of review is limited to "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020).

Appellant first argues the PCRA court improperly failed to credit his ineffectiveness claim based on trial counsel's failure to object to the victim's testimony at sentencing. **See Turner/Finley** Brief at 6-8; Appellant's *pro se* Brief at 7-9. Appellant stresses that the victim's testimony regarding Appellant's use of a plastic bag to suffocate her (**see** N.T., 3/14/19, at 4) varied from the factual basis of Appellant's guilty plea (namely, placing his hands around the victim's neck). **See Turner/Finley** Brief at 6; Appellant's *pro se* Brief at 7. According to Appellant, "the high standard range sentence [he received] is an inextricable result of" the victim's suffocation testimony. Appellant's *pro se* Brief at 8-9.

We review ineffectiveness claims under the following standard:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. … [T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result [(hereinafter, prejudice prong")]. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the

- 10 -

petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citations, quotation marks, and brackets omitted).

The PCRA court rejected Appellant's claim of trial counsel's ineffectiveness, stating that

> **[Appellant] was sentenced within the standard range** only for the very crime to which he entered a guilty plea – aggravated assault. 18 Pa.C.S. § 2702[](a)(1). Notably, **the parties did not** agree to a specific sentence, nor **place limits on the parameters of the victim's impact statement**. … **The failure of [trial] counsel to object to the victim impact statement clearly did not result in prejudice to [Appellant]**. [Appellant] has not established otherwise. There is no reasonable probability that the outcome of the proceedings would have been different had [trial] counsel advanced an objection to the victim impact statement based upon the record before this [c]ourt.

PCRA Court Opinion, 6/7/22, at 7-8 (emphasis added; footnotes and some citations omitted).

The record supports the PCRA court's reasoning, and we agree with its conclusion that Appellant failed to meet the prejudice prong of the ineffectiveness test. ***See id.*** Appellant offers no evidence to support his vague claim[9] that the outcome of sentencing would have been different had trial counsel objected to the victim's testimony. On direct appeal, this Court

---

[9] "This Court will not act as counsel … [for] an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted).

- 11 -

emphasized that Appellant received a **standard-range** sentence, and rejected Appellant's challenge to the discretionary aspects of his sentence. ***Glenn***, 224 A.3d 750 (unpublished memorandum at 6, 8) (citing ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.")); ***see also Glenn***, 224 A.3d 750 (unpublished memorandum at 7) (holding, "the record reflects that the trial court considered the sentencing guidelines, [Appellant's] criminal record, protection of the public, the gravity of [Appellant's] offense as it relates to the impact on the life of the victim and the community, and [Appellant's] rehabilitative needs."). Accordingly, Appellant's first issue lacks merit.

Appellant next claims the PCRA court erred with regard to his ineffectiveness claim based on trial counsel's failure to object to the guilty plea colloquy. ***See Turner***/***Finley*** Brief at 9-10; Appellant's *pro se* Brief at 9-11. Counsel advances Appellant's claim "that the guilty plea colloquy was deficient by failing to properly set forth the elements of the offense at the guilty plea hearing." ***Turner***/***Finley*** Brief at 9. In his *pro se* brief, Appellant references the victim's testimony at sentencing and argues it inappropriately differed from the factual basis of Appellant's guilty plea. Appellant's *pro se* Brief at 10 (claiming he would have "refuse[d] to plead guilty to claims alleging he strangled the victim … and attempted to suffocate her with a plastic bag,"

which Appellant communicated to trial counsel. (some capitalization modified)). Appellant "contends that absent trial counsel's erroneous advice … [Appellant] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 11 (some capitalization modified)).

It is settled that allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* With respect to the prejudice prong of the ineffectiveness test, a defendant who entered a guilty plea must demonstrate "it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369-70 (Pa. Super. 2006) (citation omitted).

The following exchange occurred at the plea hearing with respect to the factual basis for the plea:

> [Prosecutor]: … On February 10, 2017, … [Appellant] did get into an altercation with the victim…. At that time, the altercation became physical [and Appellant] wrapped his hands around her neck attempting to cut off the circulation to her brain. During that strangulation, she did indeed pass out and lose consciousness.

THE COURT: [Appellant,] with respect to count 3 in the plea agreement, [*i.e.*, aggravated assault,] are those the facts that you are pleading guilty to?

[Appellant]: Yes.

THE COURT: Okay. After discussing this matter with your lawyers, [do] you agree that there is a factual basis for your guilty plea to that count?

Appellant: Yes.

N.T., 1/23/19, at 5-6.

At the PCRA hearing, Attorney Yelen questioned Appellant about the victim's testimony at sentencing and the factual basis of Appellant's guilty plea:

Q. After the sentencing was done and the case was over, did you have any further contacts with your attorneys about the concept of why [the victim] mentioned the bag over her head [at sentencing]?

A. No, I did not.

Q. All right. If the [guilty] plea colloquy included you having to admit that you put a bag over [the victim's] head in an attempt to suffocate her, would you have pled guilty?

A. Unequivocally, no, I would not have.

N.T., 11/6/20, at 9.

The PCRA court addressed this claim as follows:

We recognize a valid plea colloquy must delve into six areas, to include the nature of the charges. Pa.R.Crim.P. 590(A)(2); ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005) [(*en banc*)]. However, the record demonstrates that, in addition to the oral colloquy, [Appellant] completed the written guilty plea colloquy that consisted of forty-five (45) specific questions answered and [was] endorsed by [Appellant,] which is

- 14 -

a part of the record in this case. *See* N.T. Guilty Plea Hearing, 01/23/2019, at p. 4. **Questions number 14 and 15 [in the written plea colloquy] specifically demonstrate [Appellant's] acknowledgment of the criminal conduct he must engage in to be guilty of the crime to which he pled guilty. Nothing more was required.** Importantly, "nothing in [Rule 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." [*Commonwealth v.*] *Bedell*, 954 A.2d [at] 1212-13 [(Pa. Super. 2008) (citation omitted).]

PCRA Court Opinion, 6/7/22, at 8 (emphasis added; some citations modified).

The record and law support the PCRA court's analysis. Contrary to Appellant's claim, the victim's testimony in question was introduced for the first time at sentencing, and was not part of the factual basis for Appellant's guilty plea. Appellant's plea was lawful. Because there is no merit to Appellant's underlying claim, the PCRA court did not err in rejecting the claim of trial counsel's ineffectiveness. *See Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) ("counsel cannot be deemed ineffective for failing to raise a meritless claim." (citation omitted)).

Finally, we note that Appellant, with respect to his *pro se* issue IV, claims for the first time that Attorney Yelen rendered ineffective assistance, invoking *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) (holding "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). *See* Appellant's *pro se* Brief at 16-18. Appellant challenges Attorney Yelen's purported "failure to

reference trial counsel's ineffectiveness in relation to the guilty plea, and the meritorious issue of prosecutorial misconduct by breaching the guilty plea…." *Id.* at 16 (some capitalization modified)); *see also id.* at 17 ("Attorney Yelen[] failed to su[bpoe]na trial counsel to el[]icit relevant testimony to support the Appellant['s] constitutional claims of trial counsel's unlawful inducement of the Appellant to plead guilty…." (some capitalization modified)).

The Pennsylvania Supreme Court recently expanded on *Bradley*, stating:

> We recognized that the structure of appeal and collateral review "places great importance on the competency of initial PCRA counsel," and reasoned that "it is essential that a petitioner possess a meaningful method by which to realize his right to effective PCRA counsel." *Bradley*, 261 A.3d at 401. We stated that "this approach best recognizes a petitioner's right to effective PCRA counsel while advancing equally legitimate concerns that criminal matters be efficiently and timely concluded." *Id.* at 405. We further explained:
>
> > In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. *Commonwealth v. Holmes*, 79 A.3d 562, 577 (Pa. 2013). However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere "boilerplate assertions of PCRA counsel's ineffectiveness," *Commonwealth v. Hall*, 872 A.2d 1177, 1182 (Pa. 2005); however, where there are "material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]"

- 16 -

> ***Commonwealth v. Grant***, 813 A.2d 726, 740 n.2 (Pa.
> 2002) (Saylor, J., concurring).

> ***Id.*** at 402. We also stated that [Pa.R.A.P.] 302(a), which provides
> that "[i]ssues not raised in the trial court are waived and cannot
> be raised for the first time on appeal," Pa.R.A.P. 302(a), "does not
> pertain to these scenarios." ***Id.*** at 405.

***Commonwealth v. Parrish***, 273 A.3d 989, 1002 (Pa. 2022) (some brackets

omitted; citations modified).

Appellant properly raises his claim of Attorney Yelen's ineffectiveness in

his appellate brief. ***Bradley***, 261 A.3d at 401. However, as we have

concluded that Appellant's guilty plea was lawful, and discern no

ineffectiveness by trial counsel, Appellant's claim of Attorney Yelen's

ineffectiveness does not merit relief. ***See Treiber***, 121 A.3d at 445.

Based on the foregoing, we grant Counsel's petition to withdraw from

representation and affirm the PCRA court's order disposing of Appellant's first

PCRA petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/03/2023

- 17 -